FILED
SEP 24 2020
U.S. CLERK'S OFFICE
EVANSVILLE, INDIANA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:20-CR-237-JMS-TAB |
| ) | |
| ADRIAN AMMONS, and ) | -01 |
| FERMON AMMONS, ) | -02 |
| ) | |
| Defendants. ) | |

## INDICTMENT

### COUNT ONE

[Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances]
21 U.S.C. §§ 846 and 841(a)(1)

The Grand Jury charges that:

Beginning in or around February 2020, and continuing through on or about September 10, 2020, in the Southern District of Indiana, Indianapolis Division, and elsewhere, ADRIAN AMMONS and FERMON AMMONS, the defendants herein, did knowingly and intentionally conspire together and with other persons known and unknown to the Grand Jury to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

## OBJECTS OF THE CONSPIRACY

The charged conspiracy had the following objects:

1. To possess with intent to distribute and to distribute 50 grams or more methamphetamine, a Schedule II, non-narcotic controlled substance.

2. To possess with intent to distribute and distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I, narcotic controlled substance.

## MANNER AND MEANS

The charged conspiracy operated in the following manner:

1. FERMON AMMONS obtained methamphetamine and heroin from ADRIAN AMMONS for redistribution.

2. FERMON AMMONS distributed methamphetamine and heroin in and around Indianapolis, Indiana. FERMON AMMONS further maintained a residence and storage facility in Indianapolis, Indiana, to store and distribute drugs.

3. The co-conspirators used cellular telephones and code words to facilitate their drug trafficking activities.

## ACTS IN FURTHERANCE OF THE CONSPIRACY

On or about the dates below, the defendants and others performed acts in furtherance of the conspiracy and to effect the goals of the conspiracy, in the Southern District of Indiana, Indianapolis Division, and elsewhere, including but not limited to the following:

1. On or about February 25, 2020, ADRIAN AMMONS delivered methamphetamine and heroin to FERMON AMMONS at a residence located at 1151 Groff Avenue in Indianapolis, Indiana.

2. On or about February 25, 2020, FERMON AMMONS delivered approximately 111 grams methamphetamine and approximately 31 grams of a mixture or substance containing a detectable amount of heroin to an individual known to the Grand Jury ("Individual #1) in Indianapolis, Indiana.

3. On or about March 24, 2020, ADRIAN AMMONS delivered approximately one pound of a mixture or substance containing a detectable amount of methamphetamine to FERMON AMMONS at a residence located at 1151 Groff Avenue in Indianapolis, Indiana.

4. On or about March 24, 2020, FERMON AMMONS delivered approximately 363 grams of methamphetamine to Individual #1 in Indianapolis, Indiana.

5. On or about September 8, 2020, FERMON AMMONS distributed approximately 85 grams of a mixture or substance containing a detectable amount of methamphetamine to Individual #1 in Indianapolis, Indiana.

6. On or about September 10, 2020, FERMON AMMONS distributed approximately 450 grams of a mixture or substance containing a detectable amount of methamphetamine to Individual #1 in Indianapolis, Indiana

All in violation of Title 21, United States Code, Section 846.

## SENTENCING ENHANCEMENT

Before the defendant, ADRIAN AMMONS, committed the offense charged in this count, the defendant had sustained a final conviction for a serious drug offense, namely, a conviction for Conspiracy to Possess with Intent to Distribute and Distribution of Cocaine and Cocaine Base, a felony, in the Central District of California, Docket Number 2:05-cr-00012-RGK, for which he served more than 12 months of imprisonment.

## **FORFEITURE**

1.  Pursuant to Federal Rule of Criminal Procedure 32.2, the United States hereby gives the defendants notice that the United States will seek forfeiture of property, criminally and/or civilly, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), as part of any sentence imposed.

2.  Pursuant to Title 21, United States Code, Section 853, if convicted of any of the offenses set forth in Count One of the Indictment, the defendants shall forfeit to the United States any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the offense, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense.

3.  The property subject to forfeiture includes, but is not necessarily limited to, the following: any proceeds of drug trafficking activity.

4.  The United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), if any of the property described above in paragraph 4, as a result of any act or omission of the defendants:

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to, or deposited with, a third party;

   c.  has been placed beyond the jurisdiction of the court;

   d.  has been substantially diminished in value; or,

   e.  has been commingled with other property which cannot be divided without difficulty.

5. In addition, the United States may seek civil forfeiture of the property described above in paragraph 4 pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 881(a), and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

FOREPERSON

JOSH J. MINKLER
United States Attorney

By: *Lindsay Karwoski*
Lindsay Karwoski
Assistant United States Attorney