UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cr-00237-JMS-TAB-01 |
| ) | |
| ADRIAN AMMONS, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On September 24, 2020, Defendant Adrian Ammons was indicted on a single count of conspiracy to distribute methamphetamine and heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1). [Filing No. 1.] Magistrate Judge Dinsmore presided over a detention hearing on October 9 and October 13, 2020, [Filing No. 36], and ordered that Mr. Ammons be detained pending trial, [Filing No. 39]. Presently pending before the Court is Mr. Ammons' Motion to Reconsider Detention Order, which is ripe for the Court's decision. [Filing No. 45.]

**I.
BACKGROUND**

Mr. Ammons is charged in Count I of the Indictment with conspiracy to distribute 50 grams or more of methamphetamine and 100 grams or more of heroin. [Filing No. 1 at 1-2.] The Magistrate Judge held a detention hearing over the course of two days and ordered Mr. Ammons to be detained, finding there was no condition or combination of conditions that would ensure Mr. Ammons' appearance at trial and the safety of the community. [Filing No. 39.] Mr. Ammons is scheduled for trial by jury on June 7, 2021. [Filing No. 38.] Mr. Ammons is presently detained at Grayson County Detention Center, Grayson County, Kentucky.

1

## II.
### DISCUSSION

Mr. Ammons asks the Court to release him prior to trial under 18 U.S.C. § 3142(i), citing the COVID-19 pandemic and existing health conditions that render him more likely to suffer greater harm should he contract COVID-19 during his confinement. [Filing No. 45 at 1-2.] Specifically, Mr. Ammons argues that COVID-19 poses more of a danger to him than the average person because he suffers from obesity (with a BMI of 37), persistent asthma, prediabetes, edema, and hypertension. [Filing No. 45 at 1-2.] Mr. Ammons has submitted extensive medical records documenting these conditions. [*See* Filing No. 45-1.] Mr. Ammons also contends that he is receiving inadequate medical care during his confinement at the Grayson County Detention Center. [Filing No. 45 at 2.] Mr. Ammons asks that he be released to home confinement with GPS monitoring. [Filing No. 45 at 3.]

The Government responds that under 18 U.S.C. § 3142(e)(1), no conditions or combination of conditions exist that reasonably assure Mr. Ammons' appearance at trial and the safety of the community. [Filing No. 47 at 12.] The Government cites Mr. Ammons' criminal history, his lack of stable employment, his lack of a stable residence, violations incurred during a prior period of probation for a prior offense, his use of burner phones in connection with the instant alleged offense, the large quantities of methamphetamine and heroin that Mr. Ammons is alleged to have distributed, and the lengthy mandatory-minimum sentence that Mr. Ammons faces if convicted. [Filing No. 47 at 5.] The Government also argues that COVID-19 does not present an exceptional circumstance for which release is warranted under 18 U.S.C. § 3142(i) and notes that Grayson County Detention Facility has implemented a variety of policies to prevent the spread of COVID-19. [Filing No. 47 at 6-7.] In fact, the Government contends that Mr. Ammons and other detainees "are at demonstrably *less* risk of contracting COVID-19 than are members of the general public."

[Filing No. 47 at 8 (emphasis original).]  The Government further argues that Mr. Ammons' medical conditions are sufficiently controlled, [Filing No. 47 at 8-9], and that "his belief that incarceration increases his chance of infection … suggests that his incentives to avoid punishment have increased," [Filing No. 47 at 10].

Mr. Ammons replies that he has overcome the presumption that he is a danger to the community or a flight risk, citing the Pretrial and Probation Services report suggesting that he is a moderate risk to the community and recommending his release pending trial.  [Filing No. 48 at 1-2 (citing Filing No. 27).]  He also notes that there is no allegation that he has missed prior court appearances in other cases.  [Filing No. 48 at 2.]  Mr. Ammons also disputes the Government's contention that he is at less risk for contracting COVID-19 at the detention facility than if he were released.  [Filing No. 48 at 2-3.]  Finally, Mr. Ammons states that he "will agree to 24-hour lockdown home incarceration, with only leave for medical appointments or basic welfare needs with prior approval from the United States Probation Department," as well as "GPS monitoring and the recommendations previously contained in his Pre-Trial Services Report."  [Filing No. 48 at 3.]

The Court has reviewed the transcript of the detention hearing held by the Magistrate Judge, the evidence submitted, the parties' briefs, and the Indictment.  The Court finds that adequate evidence has been presented for the Court to make a decision, and declines to hold a hearing.

Mr. Ammons moves for release under 18 U.S.C. § 3142(i).  [Filing No. 45 at 1.]  That provision provides that a court "may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense

3

or for another compelling reason." 18 U.S.C. § 3142(i). A serious health issue or medical condition may constitute a compelling reason for temporary release under this provision. *See United States v. Rebollo-Andino*, 312 F. App'x 346, 348 (1st Cir. 2009). "[T]he defendant bears the burden of demonstrating sufficient grounds for release under § 3142(i)." *United States v. Carrington*, 2020 WL 2029391, at *6 (N.D. Ind. Apr. 28, 2020). Additionally, courts considering motions under 18 U.S.C. § 3142(i) in light of the COVID-19 pandemic have found it helpful to consider the following factors: "(1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others." *Id.* (quoting *United States v. Clark*, 448 F. Supp. 3d 1152, 1157 (D. Kan. 2020)). The Court agrees these factors provide a helpful framework and considers each factor in turn.

*Original Grounds for Detention.* The Magistrate Judge ordered Mr. Ammons detained after concluding that no condition or combination of conditions of release would reasonably assure the safety of the community or his appearance. [Filing No. 39 at 2.] The detention order cited the weight of the evidence, the lengthy period of incarceration Mr. Ammons faces if convicted (a fifteen-year mandatory minimum sentence), his criminal history, his history of violence or use of weapons, his history of alcohol or substance abuse, his lack of stable employment, and prior violations of probation, parole, or supervised release. [Filing No. 39 at 2-3.]

*COVID-19 Concerns.* Mr. Ammons has provided medical records documenting his health conditions. [*See* Filing No. 45-1.] The same month that he was indicted in this case, Mr. Ammons was treated for edema and essential hypertension. [Filing No. 45-1 at 5.] His BMI was noted to

be 37.43 at that time. [Filing No. 45-1 at 6.] He is prediabetic and has a history of moderate persistent asthma. [Filing No. 45-1 at 12-13.] Hypertension, asthma, diabetes, and obesity all increase an individual's risk for severe illness from COVID-19.[1] Detention facilities face particular challenges in controlling the spread of COVID-19. "Such challenges include crowded dormitories, shared lavatories, limited medical and isolation resources, daily entry and exit of staff members and visitors, continual introduction of newly incarcerated or detained persons, and transport of incarcerated or detained persons in multiperson vehicles for court-related, medical, or security reasons." Wallace M., et al., *COVID-19 in Correctional and Detention Facilities-United States*, 69 MORBIDITY & MORTALITY WEEKLY RPT. 19, at 587-90 (May 15, 2020), *available at* https://www.cdc.gov/mmwr/volumes/69/wr/pdfs/mm6919e1-H.pdf (last accessed Dec. 10, 2020).

***Release Plan.*** Mr. Ammons proposes that he be released to live with his sister and her adult son. [Filing No. 48 at 2.] He further proposes that he be confined to his sister's home with the exception of "medical appointments or basic welfare needs with prior approval from the United States Probation Department" with GPS monitoring. [Filing No. 48 at 3.]

***Potential Exposure of Others.*** Turning to the likelihood that Mr. Ammons' proposed release would increase COVID-19 risks to others, Mr. Ammons' proposal would, with limited exception for medical care, generally limit his exposure to his sister and his nephew. If he is confined to their home, his risk of spreading COVID-19 to them or to any other person would be minimal.

---

[1] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Dec. 10, 2020). The Court takes judicial notice of the data on the CDC website. Fed. R. Evid. 201. *See also Bodnar v. Lake Cty. Jail*, 2020 WL 1940742, at *2 (N.D. Ind. Apr. 22, 2020) (taking judicial notice of CDC guidelines for managing COVID-19 in jails and prisons).

The Court has considered all of the factors above, including the seriousness of the charged offense, Mr. Ammons' criminal history that includes prior convictions for serious felonies, as well as the historic pandemic currently gripping the world which strikes individuals with certain preexisting conditions with deadlier force.  The Court also notes that Pretrial and Probation Services scored Mr. Ammons as a "category 3" on a pretrial risk assessment, which indicates that he is a moderate risk of flight and danger to the community, as well as Mr. Ammons' longstanding ties to the Indianapolis area.  [Filing No. 27 at 5.]  The Court is also mindful of the Supreme Court's admonition that "detention prior to trial or without trial is [a] carefully limited exception" to liberty.  *United States v. Salerno*, 481 U.S. 739, 755 (1987).  Weighing all the above considerations, the Court **GRANTS** Mr. Ammons Motion to Reconsider Detention Order, [Filing No. 45], subject to terms and conditions for his release to be set at a hearing before this Court to ensure Mr. Ammons' appearance and to protect the community.

### III.
#### Conclusion

For the reasons set forth above, Mr. Ammons' Motion to Reconsider Detention Order, [45], is **GRANTED**.  **Mr. Ammons shall be released following a hearing before the Court on December 15, 2020 at 3:00 p.m. in Courtroom 179-C to set the terms and conditions for Mr. Ammons' release.  <u>Counsel for Mr. Ammons shall contact Mr. Matt Renshaw with the U.S. Probation Office at (317) 229-3795 by no later than 9:00 a.m. on December 15, 2020 to identify Mr. Ammons' residence for home confinement.</u>**

Date: 12/14/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF only to all counsel of record</u>**

**<u>Distribution to United States Probation Office</u>**